O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYRRIFIC, LLC,<br><br>                Plaintiff,<br>    v.<br><br>EDVIN KARAPETIAN, an individual, EDWARD MINASYAN, an individual, LENA AMERKHANIAN, an individual, and EDO TRADING, INC., a California corporation,<br><br>                Defendants. | Case No. 2:12-cv-04499-ODW(Ex)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [50]** |

## I. INTRODUCTION

Plaintiff Toyrrific, LLC maintains that Defendants Edvin Karapetian, Edward Minasyan, Lena Amerkhanian, and EDO Trading, Inc. have violated the terms of the parties' settlement agreement from a predecessor action. To prevail on its breach-of-contract claim, Toyrrific must prove quantifiable damages resulting from such breach. But Toyrrific failed to produce any evidence of damages before the close of discovery, and Defendants now move for summary judgment. The Court **GRANTS** Defendants' Motion.[1]

///

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Toyrrific is a leader in the manufacturing, selling, and marketing of airsoft toy guns and remote-control toys. (Additional Material Facts ("AMF") 57.) It also operates HobbyTron, which sells toys through its website, Hobbytron.com. (AMF 58.) Karapetian is a former Toyrrific employee who, along with Minasyan, allegedly stole Toyrrific's products, trade dress, copyrighted materials, trademarks, and trade-secret information to establish a competing business, HobbyChase. (AMF 59.)

As a result of Karapetian and Minasyan's alleged infringement, Toyrrific filed an action against both individuals in August 2010 for copyright infringement and other claims related to the alleged unlawful interference with Toyrrific's company. *Toyrrific v. Karapetian* ("*Toyrrific I*"), No. CV 10-5813-ODW(Ex) (C.D. Cal. Aug. 5, 2010). On November 24, 2010, this Court issued a preliminary injunction in *Toyrrific I* that enjoined Karapetian and Minasyan from continued infringement of Toyrrific's intellectual property. (UF 1.) The parties ultimately resolved *Toyrrific I* on December 12, 2011, through the execution of a Settlement Agreement and Mutual General Release ("Agreement").

Six months later, on May 23, 2012, Toyrrific filed this subsequent action alleging that Defendants had violated the terms of the Agreement. (Compl. ¶ 21.) Toyrrific maintained that Defendants breached the Agreement by failing to comply with the terms of the Court's preliminary injunction, failing to stop operating a website similar to hobbychase.com, failing to cease operating the HobbyChase business, and failing to deliver assets of HobbyChase as described in the Bill of Sale included with the Agreement. (*Id*. ¶ 49.) On August 16, 2012, the Court dismissed all claims except for Toyrrific's breach-of-contract claim. (ECF No. 30.)

On March 25, 2013, Defendants moved for summary judgment on Toyriffic's remaining claim. (ECF No. 50.)

///

## III. LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial. *Id.*; Fed. R. Civ. P. 56(c). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id*. Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV. DISCUSSION

To state a claim for breach of contract under California law, a plaintiff must plead (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance of a contract; (3) defendant's breach of the contract; and (4) resulting damages. *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968).

Defendants assert that Toyrrific cannot meet its burden of proving damages because it failed to provide a computation of damages in its initial disclosures.

///


1  (Reply 4.) Astonishingly, Toyrrific essentially argues that it was not required to
2  provide evidence of damages because Defendants never moved to compel that
3  evidence. (Opp'n 23–24.)

4  Under Federal Rule of Civil Procedure 26(a), a party must—*without awaiting a*
5  *discovery request*—provide to the opposing party a computation of damages, along
6  with evidentiary material upon which the computation is based. It is undisputed that
7  Toyrrific never served *any documents* in connection with its initial disclosures,
8  including a calculation of damages—thereby falling short of Rule 26's mandate.
9  (UF 55.)

10  Federal Rule of Civil Procedure 37(c)(1) gives muscle to Rule 26(a).
11  Rule 37(c)(1) provides that if a party fails to provide any information required by
12  Rule 26(a), that party cannot use that information at trial unless the failure was
13  substantially justified or is harmless. To avoid exclusion under Rule 37, the non-
14  disclosing party bears the burden of proving that its failure to disclose the required
15  information was substantially justified or harmless. *Torres v. City of L.A.*, 548 F.3d
16  1197, 1213 (9th Cir. 2008).

17  Toyrrific first contends that that its failure to comply with Rule 26(a) was not
18  only justified but legally warranted. Toyrrific contends that Rule 26(e) "expressly
19  permits" a plaintiff to provide supplemental documentation supporting damages, as
20  Toyrrific has done in its Opposition to this Motion. (Opp'n 24.) Specifically,
21  Toyrrific itself admits that it "provided *all* of the evidence it is relying on in [its]
22  Opposition by way of a Supplemental Document Production that [was] served on
23  Defendants" on *April 1, 2013.* (*Id.* (emphasis added).) But the last date to exchange
24  initial disclosures in this case was November 19, 2012, and the discovery cut-off date
25  for *all* discovery was March 11, 2013. (ECF No. 39, at 20.) Toyrrific's position
26  therefore appears to be that Rule 26(e) allows a party to disregard both Rule 26(a) and
27  the Court's scheduling order entirely and provide a computation of damages whenever
28  / / /

1 it pleases—even when that means sandbagging the defendant in opposition to a
2 motion for summary judgment after the defendant has not been afforded the
3 opportunity to evaluate that evidence.

4     The Court further notes that Rule 26(e) requires supplemental disclosures if that
5 party learns that its initial disclosures were incomplete or incorrect, or as otherwise
6 ordered by the Court.  But Rule 26(e) applies only where a "party has made a
7 disclosure under Rule 26(a)."  Here, Toyrrific made no initial disclosures at all, so
8 Rule 26(e) is entirely inapplicable.  And the Rule certainly does not allow Toyrrific to
9 provide mandatory initial disclosures five months after the Court's scheduled cut-off
10 date (and three weeks after the discovery cut-off date) under the guise of
11 "supplemental document production."

12     Toyrrific contends next that Defendants have not been harmed by Toyrrific's
13 failure to provide a damages calculation.  Toyrrific has provided no facts supporting
14 this blanket statement, so the Court finds that Toyrrific has fallen far short of proving
15 its noncompliance with Rule 26 was harmless.  Further, the Court notes Toyrrific's
16 blatant disregard of the Court's time.  Late disclosure of damages requires the Court to
17 create a new briefing schedule and re-open discovery.  Such modifications to the
18 Court's and the parties' schedules are not "harmless."  *Hoffman v. Constr. Protective*
19 *Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

20     Toyrrific lastly insists that Defendants waived their right to seek proof of
21 damages by not moving to compel that evidence before the close of discovery.  This
22 position is preposterous.  Unsurprisingly, Toyrrific cites no law supporting this
23 contention, and in fact Rule 26 explicitly states the opposite—parties are required to
24 make initial disclosures of their own volition and without being compelled.  Further,
25 Toyrrific has the duty to prove its own case; it is not now and never has been the
26 defendant's burden to extract the plaintiff's probative evidence by force solely to rebut
27 it.  Toyrrific's production efforts now are far too little far too late.
28 / / /

## V. CONCLUSION

The Ninth Circuit has held that barring a party from using evidence under Rule 37(c)(1) is appropriate even when a litigant's entire cause of action will be precluded. *Hoffman*, 541 F.3d at 1180. Toyrrific has not met its discovery obligations under Rule 26(a), so any evidence pertaining to damages calculation is therefore excluded under Rule 37. Since Toyrrific is precluded from proving damages—a necessary element of its breach-of-contract claim—Toyrrific's claim fails as a matter of law. The Court accordingly finds that Defendants are entitled judgment as a matter of law. Defendants' Motion for Summary Judgment is **GRANTED**. The April 22, 2013 hearing on the matter is accordingly **VACATED**, and no appearances are necessary.

**IT IS SO ORDERED.**

April 16, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**