O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYRRIFIC, LLC,<br><br>  Plaintiff,<br>  v.<br><br>EDVIN KARAPETIAN, an individual, EDWARD MINASYAN, an individual, LENA AMERKHANIAN, an individual, and EDO TRADING, INC., a California corporation,<br><br>  Defendants. | Case No. 2:12-cv-04499-ODW(Ex)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION [96]** |

**I.**

Defendants Edvin Karapetian, Edward Minasyan, Lena Amerkhanian, and Edo Trading, Inc. ("Defendants") move for leave to file a Motion for Reconsideration following the Ninth Circuit's recent remand of this matter. (ECF No. 96.) Plaintiff Toyrrific, LLC ("Toyrrific") opposes, arguing that Defendants' Motion is misplaced as there is no final judgment and there are no new facts or changes in the law to warrant reconsideration. (ECF No. 99.) For the reasons discussed below, the Court **DENIES** Defendants' Motion as moot.[1]

///

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.

This case arises from Defendants' alleged appropriation of Plaintiff's trade secrets for the purpose of creating a competing company. (Compl. ¶ 12.) The Complaint was filed on May 23, 2012. (ECF No. 1.) On April 16, 2013, this Court granted summary judgment for Defendants. (ECF No. 72.) The Court held that Toyrrific's failure to submit evidence of damages under Federal Rule of Civil Procedure 26(a) precluded them from introducing any such evidence at trial under Federal Rule of Evidence 37(c)(1). (ECF No. 71.) Without evidence of damages, the Court held, Toyrrific could not prevail on its claims as a matter of law. (*Id.*)

On May 13, 2013, Plaintiff appealed from the ensuing judgment, arguing that the Court erred in finding that Toyrrific failed to meet its obligations under Rule 26(a), and that it erred in excluding evidence of damages at trial under Rule 37(c)(1). (ECF Nos. 76, 87.) The Ninth Circuit reversed, concluding that while the Court did not err in its determination under Rule 26(a), it should not have excluded evidence of damages under Rule 37(c)(1). (ECF No. 87.) Specifically, the Ninth Circuit determined that because excluding evidence of damages as a sanction for failure to adhere to Rule 26(a) amounted to a dismissal of the claim, the Court "was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith," as well as "the availability of lesser sanctions." (*Id.* (quoting *R & R Sails, Inc. v. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).) The Ninth Circuit remanded the case back to this Court to consider these issues. (*Id.*) On June 25, 2015, the Ninth Circuit's mandate took effect. (ECF No. 88.)

On September 3, 2015, Defendants filed the present Motion for Leave to File a Motion for Reconsideration. (ECF No. 96.) Plaintiff filed a timely opposition, and Defendants a timely reply. (ECF Nos. 100 and 101.)

## III.

Here, the Ninth Circuit determined that this Court's imposition of Rule 37(c)(1) exclusionary sanctions was erroneous. (ECF No. 87.) The task for this court on

remand is to determine whether Toyriffic's "noncompliance involved willfulness, fault, or bad faith" and to consider "the availability of lesser sanctions."

The parties spend much time arguing whether or not a motion for reconsideration is the correct procedural vehicle to put the matter back before this Court after the Ninth Circuit's remand. The Court finds this dispute largely immaterial for the purpose of implementing the Ninth Circuit's mandate. Under the "Rule of Mandate," this Court has flexibility to enter orders, consider evidence and do other things to implement the mandate, so long as they "are not counter to the spirit of the circuit court's decision." *United States v. Kellington*, 217 F.3d 1084, 1092–93 (9th Cir. 2000); *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007); *see also Pit River Tribe v. U.S. Forest Servs.*, 615 F.3d 1069, 1080 (9th Cir. 2010) (under the Rule of Mandate, the district court should "'implement both the letter and the spirit of the mandate, taking into account the [Ninth Circuit's] opinion and the circumstances it embraces.'" (quoting *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999))).

Here, the Court finds that it would be aided in spreading the mandate by a re-briefing of the issues, and by presentation of any additional relevant or clarifying evidence. Accordingly, Defendants shall file a revised Motion for Summary Judgment on only the issues that the Ninth Circuit has instructed this Court to consider on remand. Defendants shall file its revised Motion for Summary Judgment as a regularly noticed motion, and shall set the matter for hearing no later than **March 21, 2016**. The Court **DENIES** Defendants' Motion for Leave to File Motion for Reconsideration as moot. (ECF No. 96.)

**IT IS SO ORDERED.**

December 17, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**