Lockhart Law Firm, A.P.C.
Samuel G. Lockhart [SBN 256152]
41856 Ivy St. Ste. 207
Murrieta, California 92562
Ph.:     (951) 461-8878
Fax:    (951) 823-5715
Email: slockhart@lock-law.com

Attorneys for Plaintiff, TOYRRIFIC, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYRRIFIC, LLC, <br><br>                     Plaintiff, <br><br> v. <br><br> EDVIN KARAPETIAN, an individual, EDWARD MINASYAN, an individual, LENA AMERKHANIAN, an individual, and EDO TRADING, INC., a California corporation, <br><br>                     Defendants. | CASE NO.  12-CV-04499-ODW <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT** <br><br> <u>Hearing</u> <br> Date:   March 21, 2016 <br> Time:  1:30 P.M. <br> Crtrm: 11 <br><br> Complaint Filed:        05/23/2012 <br> Amendments Cut-Off: 02/11/2013 <br> Discovery Cut-Off:     03/11/2013 <br> Motion Cut-Off:         04/22/2013 <br> Final Pre-Trial Conf.:  05/20/2013 <br> JURY TRIAL:            06/11/2013 |

Plaintiff Toyrrific, LLC ("Plaintiff" of "Toyrrific") submits this Opposition to the Motion for Summary Judgment of the Defendants Edvin Karapetian; Edward Minasyan; and EDO Trading, Inc. (collectively "Defendants").

## I.     INTRODUCTION

Plaintiff's failure to timely submit evidence of damages is wholly attributable to the failings of its attorneys.  Plaintiff was never made aware that there was an issue with its case against the Defendants in terms of producing documents to support its claim for breach of contract until Defendants filed its initial Motion for Summary Judgment.  It is impossible for Plaintiff to act in bad faith or to be willfully defiant to the Federal Rules of Civil Procedure when it lacked a knowledge of those rules – and the only set of rules at issue here are those related to the timing

of the production of evidence in response to discovery requests. The simple fact of the matter is that Toyrrific relied on its attorneys to comply with timing issues, but they failed to do so. Toyrrific's misplaced trust and resultant tardy production of damages evidence has no relation to a finding of bad behavior – just a bad choice in counsel.

Moreover, there are no facts that support Defendants' conclusory statement that lesser sanctions would not have deterred the Plaintiff from failing to produce its damages evidence. Instead, the Defendants list a litany of uncontroverted facts from *other* litigation related to depositions and allegedly deficient discovery responses that never resulted in the imposition of "lesser sanctions." Based upon Plaintiff's behavior after the Court granted Defendants' Motion for Summary Judgment, if the Court were to have imposed lesser sanctions with a warning that further violation of the Federal Rules of Civil Procedure would result in a complete bar to Plaintiff's claim, the Plaintiff would have retained new counsel who would have complied with those rules. The Court should deny Defendants' Revised Motion for Summary Judgment due to their inability to set forth uncontroverted facts in satisfaction of the two pronged test set forth in *R&R Sails, Inc. v. Ins. Co. of Penn*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## II. ARGUMENT

### A. PLAINTIFF'S NONCOMPLIANCE DID NOT INVOLVE WILLFULLNESS, FAULT, OR BAD FAITH

As set forth in *R&R Sails, Inc. v. Ins. Co. of Penn*, if sanctions pursuant to Rule 37(c)(1) results in a complete bar to a litigant's claim, the district is "required to consider whether the claimed noncompliance involved willfulness, fault or bad faith…**and** also to consider the availability of lesser sanctions." *R&R Sails*, 673 F.3d at 1247 (internal citations omitted)[emphasis added]. "Because a default judgment is a harsh sanction, due process requires that 'failure' is a sufficient ground only when it is the result of 'wilfullness, bad faith, or [some] fault of petitioner' rather than inability to comply." *M.E.N. Co. v. Control Fluidics, Inc.* 834 F.2d 869, 872 (10th Cir. 1987) (quoting *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, (1958)).

"While the severe sanction of dismissal is an available remedy for failure of counsel, we have indicated that the court should explicitly weigh whether sanctions against the offending attorney

will not serve the court's legitimate purposes in imposing sanctions." *D.G. Shelter Products Co. v. Forest Products Co.*, 769 F. 2d 644, 645 (10th Cir. 1985). In *In re Baker* the court stated:

> It is clear from the record in this case that the interference with sound management of the court was the fault of the lawyers on whom the sanction was imposed—not their clients. It is the trial court's duty, within the spirit of its total powers, including Rule 16, to impose sanctions…in a manner designed to solve the management problem. If the fault lies with the attorneys, that is where the impact of the sanction should be lodged. There are a broad range of sanctions available to the trial court, but they should be administered and tailored in a manner designed to effectuate the purpose of the sanction and in order of their seriousness as sound discretion dictates.

(744 F.2d 1438, 1442 (10th Cir. 1984)). In *Jackson v. Washington Monthly Co.* the United States District Court of Appeals for the District of Columbia concluded its decision to vacate and remand the judgment of the trial court (directing it to consider the previously denied motion to vacate the dismissal entered by the district court on account of an attorney's failure to meet court deadlines, through no fault of the client) "on a note of caution":

> Trial-court dismissal of a lawsuit never heard on its merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions. And while appellate review is limited by the binding authority of *Link* to whether judicial discretion has been abused, a sound discretion hardly comprehends a pointless exaction of retribution. Dismissals for misconduct attributable to lawyers and in no wise to their clients invariably penalize the innocent and may let the guilty off scot-free. That curious treatment strikes us as both anomalous and self-defeating. When the client has not personally misbehaved and his opponent in the litigation has not been harmed, the interests of justice are better served by an exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and protection of the citizenry from future imposition. Public confidence in the legal system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the

erroneous impression that lawyers protect other lawyers at the expense of everyone else.

(569 F.2d 119, 123-124 (D.C. Cir. 1977)). "Only when the aggravating actors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F. 2d 1512, 1521 n.7 (10th Cir. 1988).

In *M.E.N. Co. v. Control Fluidics, Inc.* the New York based appellants were sued in Wyoming and retained local Wyoming counsel to represent them in the litigation. The Wyoming clients failed to produce discovery; appear at depositions; or appear at a hearing to explain why they were not meaningfully participating in discovery. The district court entered a default judgment against the appellants and denied their motion to vacate based on attorney incompetence. On appeal, the court agreed that sanctions were appropriate, but held that due process required that the extreme sanction of dismissal be based on willful or intentional noncompliance by the clients themselves and that if the attorney was to blame, the impact of the sanction should be limited to the offending attorney.

The analysis to be conducted by the Court is twofold, one, whether the noncompliance involved willfulness, fault or bad faith, and two, consider the availability of lesser sanctions. The application of the first prong of the R&R Sails analysis to the facts before the court dictates that Plaintiff's noncompliance did not involve willfulness, fault or bad faith. Plaintiff retained counsel to prosecute its claim against the Defendants who had admitted to stealing Plaintiff's physical and intellectual property – the same intellectual property that produces millions of dollars in income to Plaintiff. Plaintiff was never informed by its counsel that they were failing to properly reply to discovery requests or to produce documents that were vital to support its claim against the Defendants. At no time did Plaintiff's attorneys explain that Plaintiff had failed to comply with Rule 26 initial disclosures or to properly respond to propounded discovery.

In short, the choice to comply with the Federal Rules of Civil Procedure was never provided to Plaintiff by its attorneys, so it could not act in bad faith or otherwise. Plaintiff recognizes that it acts through its attorneys in litigation. However, in the analysis of bad behavior, some credence ought to be given to the fact that Plaintiff was not the decision maker in breaking the rules, which is consistent with the Ninth Circuit's proposition that disobedience demonstrates

willfulness, bad faith or fault **only** when the disobedience is "not shown to be outside the control of litigant." *See Henry v. Gill Indus., Inc.* 983 F.2d 943, 948 (9th Cir. 1993).

**B. LESSER SANCTIONS WERE NOT ONLY AVAILABLE, BUT APPROPRIATE IN THIS MATTER**

It is a stretch for the Defendants to cite to matters outside of the lawsuit pending before this Court to find examples of Plaintiff's alleged misconduct. In fact, the case law cited by the Defendants does not support the assertion that alleged misconduct outside of the pending litigation should form the basis of a complete bar to Plaintiff's claim. Moreover, what is noticeably absent from the Defendants' facts, are any instances where there was alleged misconduct, followed by the imposition of any sanctions against the identified party. In other words, the Defendants fail to demonstrate that the imposition of "lesser sanctions" (i.e. those sanctions short of barring Plaintiff's claim) have historically failed to deter Plaintiff's behavior. Thus, the facts cited by Plaintiff provide the Court with no basis upon which it may derive that lesser sanctions are ineffective. Moreover, the comparison of one case to another in terms of the effect of sanctions is akin to comparing apples to oranges in that the effect of the imposition of sanctions in one case will likely vary from case to case.

If the Court considers the facts that are specific to this matter, it can safely conclude that lesser sanctions coupled with a warning of future bar of Plaintiff's claim should the behavior continue would have caused Plaintiff to retain new counsel who would have complied with the Federal Rules of Civil Procedure. Subsequent to the Court granting Defendants' Motion for Summary Judgment, which resulted in Plaintiff being made aware of discovery violations, Plaintiff has made every effort to preserve its claim against the Defendants by filing a successful appeal and opposing Defendants' renewed attempt to achieve summary judgment. We therefore request that the Court consider the imposition of lesser sanctions that will still allow Plaintiff to produce additional evidence of damages and present those damages at trial.

///
///
///
///

### III.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety.

Dated:  March 2, 2016                    **LOCKHART LAW FIRM, A.P.C.**

By: /S/ SAMUEL G. LOCKHART
Samuel G. Lockhart
Attorneys for Plaintiff
TOYRRIFIC, LLC