O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYRRIFIC, LLC,<br><br>                Plaintiff,<br>     v.<br><br>EDVIN KARAPETIAN; EDWARD MINASYAN; LENA AMERKHANIAN; and EDO TRADING, INC.,<br><br>                Defendants. | Case No. 2:12-CV-04499-ODW<br><br>**ORDER GRANTING DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT [103]** |

## I. INTRODUCTION

Plaintiff Toyrrific, LLC ("Toyriffic") maintains that Defendants Edvin Karapetian, Edward Minasyan, Lena Amerkhanian, and EDO Trading, Inc. (collectively, "Defendants") violated the terms of the parties' settlement agreement from a predecessor action. In light of the Ninth Circuit's decision, which reversed and remanded this Court's previous Order, Defendants renew their Motion for Summary Judgment. (Motion for Sum. J. ("Mot."), ECF No. 103.) The Ninth Circuit held that when imposing Rule 37(c)(1) exclusionary sanctions, the Court must do so under the standard of *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). (ECF No. 87.) That is, the Court must find that a plaintiff's "noncompliance involved willfulness, fault or bad faith," and must consider "the availability of lesser sanctions"

before imposing a sanction that would amount in the dismissal of a claim. *Id.* at 1245, 1247. For the reasons discussed below, the Court **GRANTS** Defendants' Motion for Summary Judgment pursuant to the standard in *R&R Sails*.[1]

## II. FACTUAL BACKGROUND

Toyrrific is a leader in the manufacturing, selling, and marketing of airsoft toy guns and remote-control toys. (Additional Material Facts ("AMF") 57, ECF No. 67-2.) It also operates HobbyTron, which sells toys through its website, Hobbytron.com. (*Id.* 58.) Defendant Karapetian is a former Toyrrific employee who, along with Defendant Minasyan, allegedly stole Toyrrific's products, trade dress, copyrighted materials, trademarks, and trade-secret information to establish a competing business, HobbyChase. (*Id.* 59.)

As a result of Karapetian and Minasyan's alleged infringement, Toyrrific filed an action against both individuals in August 2010 for copyright infringement and other claims related to the alleged unlawful interference with Toyrrific's company. (*Id.* 61.); *Toyrrific v. Karapetian* ("*Toyrrific I*"), No. CV 10-5813-ODW(Ex) (C.D. Cal. Aug. 5, 2010). The parties ultimately resolved *Toyrrific I* on December 12, 2011, through the execution of a Settlement Agreement and Mutual General Release ("Agreement"). (*Id.* 63.)

Six months later, on May 23, 2012, Toyrrific filed the present action alleging that Defendants violated the terms of the Agreement. (Compl. ¶ 21, ECF No. 1.) Specifically, Toyrrific alleges that Defendants breached the Agreement by: 1) failing to comply with the terms of the Court's preliminary injunction; 2) failing to stop operating a website similar to hobbychase.com; 3) failing to cease operating the HobbyChase business; and 4) failing to deliver assets of HobbyChase, as described in the Bill of Sale included with the Agreement. (*Id.* ¶ 49.) On August 16, 2012, the

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Court dismissed all claims except for Toyrrific's breach of contract claim. (ECF No. 30.)

On March 25, 2013, Defendants moved for summary judgment on Toyriffic's remaining claim. (ECF No. 50.) The Court entered judgment in favor of Defendants on April 16, 2013 based on Rule 37(c)(1) exclusionary sanctions. *Toyriffic v. Karapetian* ("*Toyrrific II*"), Case No. 2:12-cv-04499-ODW(Ex) (C.D. Cal. Apr. 16, 2013, ECF No. 71.) Toyriffic appealed the Court's order, and the Ninth Circuit reversed and remanded the case back to this Court, holding that the district court erred as a matter of law by imposing Rule 37(c)(1) exclusionary sanctions without finding that Toyrrific's "noncompliance involved willfulness, fault, or bad faith," and without considering "the availability of lesser sanctions." (ECF No. 87.); *R&R Sails*, 673 F.3d at 1245, 1247. On February 22, 2016, Defendants filed a renewed Motion for Summary Judgment. (ECF No. 103.) On March 02, 2016, Toyriffic filed its Opposition to Defendants' Revised Motion for Summary Judgment, two days after the Court imposed deadline. (Pl.'s Opp'n to Def.'s Mot. for Summary Judgment. ("Opp'n."), ECF No. 105.) On March 07, 2016, Defendants filed a timely Reply. (Def.'s Reply to Pl.'s Opp'n ("Reply"), ECF No. 107.)

### III. LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial. *Id.*; Fed. R. Civ. P. 56(c). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id*. Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV. DISCUSSION

As a general rule, a motion for summary judgment is not granted automatically solely because no response has been filed. *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). "Such a motion may properly be granted only if the facts as to which there is no genuine dispute 'show that the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting Fed. R. Civ. P. 56(c)). As such, the effect of the nonmovant's failure to respond to a motion for summary judgment is that it constitutes an admission by the nonmovant that there are no disputed issues of genuine fact warranting trial, but does not constitute a waiver by the nonmoving party of all the legal arguments based upon those undisputed facts. *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995).

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Despite the Court imposed deadline, Toyriffic failed to timely file its Opposition, and thus the Court takes this Motion as unopposed. Throughout this litigation, Toyriffic has shown continued disregard for the Rules of the Court.

In *R&R Sails*, the Ninth Circuit held that when a court imposes a sanction amounting to dismissal of a claim, it is required to consider: (1) whether the

1 noncompliance involved willfulness, fault, or bad faith, and (2) the availability of
2 lesser sanctions. 673 F.3d at 1247 (internal citations omitted).

3 　　　　As demonstrated below, the undisputed evidence demonstrates that Toyriffic's
4 noncompliance was based on willfulness and/or bad faith and that lesser discovery
5 sanctions would not have deterred it from disregarding the discovery process and this
6 Court's Orders. The Court will analyze each issue in turn.

### A. Willfulness, Fault, or Bad Faith

　　　　Defendants argue that Toyriffic's noncompliance with Rule 26(a)(1) involved willfulness, fault, or bad faith. (Mot. 6.) The Ninth Circuit held that "'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

　　　　Rule 26(a)(1)(A)(iii) requires parties to produce "a computation of each category of damages claimed" and to "make available for inspection and copying . . . the documents . . . on which each computation is based" without awaiting a discovery request. Rule 37(c)(1) provides that if a party fails to provide any information required by Rule 26(a), that party cannot use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008). "[E]xclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)" because subsection 37(c)(1) "is a recognized broadening of the sanctioning power." *Yeti by Molly, Ltd.*, 259 F.3d at 1106; *R&R Sails*, 673 F.3d at 1245.

In its Opposition to Defendants' Statement of Uncontroverted Facts, Toyriffic admits that it is an undisputed fact that it did not serve any documents in connection with its Initial Disclosures under Rule 26. (Pl.'s Opp'n to Def.s' Statement of Uncontroverted Facts ("SUF") ¶ 56; ECF No. 52.) Toyriffic also does not dispute that it served zero documents in the case prior to the discovery cutoff. (*Id.*) In fact, Toyriffic admits that its only production of documents in this case was made contemporaneously with the filing of its Opposition to Defendants' Motion for Summary Judgment, when it "provided all of the evidence [it relied] on in its Opposition. . . ." (*Id.*) In addition, a review of the late produced documents shows that Toyriffic still had not produced a single document that could be used to prove damages based upon a breach of contract. (Undisputed Facts ("UF"), ¶ 22, ECF No. 103-2.)

Because Toyrific did not submit any evidence to raise a dispute of material fact, the Court finds that it cannot show that its discovery misconduct was "outside [of its] control" under the *R&R Sails* standard. Thus, the Court agrees with Defendants that Toyriffic's failure to participate in discovery involved willfulness, fault, and/or bad faith.

**B. Whether Lesser Sanctions Are Available**

Defendants next argue that lesser sanctions will not be a deterrent for Toyriffic's actions in this case based on its history of discovery misconduct. (Mot. 7.) The Ninth Circuit has held that it is proper to consider all of a party's discovery misconduct in evaluating the propriety of sanctions. *See Henry*, 983 F.2d at 947; *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 381 n. 2 (9th Cir. 1988) ("courts may indeed consider prior conduct that has already been subject to sanction, when it is weighing a subsequent sanction motion").

There have been numerous instances where Toyriffic has shown contempt for the discovery process. (UF ¶¶ 1–23.) It is undisputed that Toyriffic and/or its affiliates have failed to show up for no less than eight corporate and/or fact

6

depositions. (*Id.* ¶¶ 5–11, 15, 17, and 23.) Additionally, it is undisputed that Toyriffic and/or its affiliates have refused to comply with the Federal Rules of Civil Procedure and California Rules of Civil Procedure regarding objecting and responding to written discovery. (*Id.* ¶¶ 3–4, 12–14, 16, 18–19.) Based on the Statement of Undisputed Facts, the Court finds that Toyriffic has shown a pattern of misconduct throughout the discovery process. In addition, Toyriffic continues to violate Court orders by failing to timely submit its Opposition after the Court imposed deadline. Thus, the Court holds that lesser sanctions against Toyriffic would be an ineffective deterrent based on the party's continued disregard for the Federal Rules of Civil Procedure. *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990) ("The record demonstrates the defendants have been given numerous opportunities to comply . . . [t]here is therefore no reason to suppose that the imposition of lesser sanctions to a future noncompliance will be any more successful than in the past.").

## V. CONCLUSION

The Court accordingly finds that Defendants are entitled judgment as a matter of law. Toyriffic's failure to participate in discovery was based on willfulness, fault, and/or bad faith and lesser sanctions would be insufficient to deter future discovery misconduct under the standard of *R&R Sails*. Thus, Toyriffic's failure to provide documents and other information to support its damages theory as required by Rule 26 entitles Defendants' to an exclusionary sanction pursuant to Rule 37(c). Defendants' Revised Motion for Summary Judgment is **GRANTED**. (ECF No. 103.)

**IT IS SO ORDERED.**

July 20, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**