Lockhart Law Firm, A.P.C.
Samuel G. Lockhart [SBN 256152]
41856 Ivy St. Ste. 207
Murrieta, California 92562
Ph.:      (951) 461-8878
Fax:     (951) 823-5715
Email: slockhart@lock-law.com

Attorneys for Plaintiff, TOYRRIFIC, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TOYRRIFIC, LLC ,

                    Plaintiff,

      v.

EDVIN KARAPETIAN, an
individual, EDWARD MINASYAN,
an individual, LENA
AMERKHANIAN, an individual,
and EDO TRADING, INC., a
California corporation,

                  Defendants.

CASE NO.  12-CV-04499-ODW

**PLAINTIFF'S NOTICE OF
MOTION AND MOTION TO
VACATE THE ORDER GRANTING
DEFENDANTS' REVISED MOTION
FOR SUMMARY JUDGMENT
PURSUANT TO RULE 60(b);
MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION
OF SAMUEL G. LOCKHART IN
SUPPORT**

**[FILED CONCURRENTLY
HEREWITH [PROPOSED] ORDER]**

Date:      September 12, 2016
Time:     1:30 p.m.
Crtrm:   11

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on September 12, 2016, at 1:30 p.m., or as

soon thereafter as may be heard in Courtroom 11 of the United States District

Court for the Central District of California, Plaintiff, Toyrrific, LLC, pursuant to

Rule 60(b) of the Federal Rules of Civil Procedure, and for the reasons set forth in

the accompanying Memorandum of Points and Authorities, moves this Court to vacate its Order Granting Defendants' Revised Motion for Summary Judgment entered on July 20, 2016, docket entry no. 113.   Plaintiff moves to vacate said Order pursuant to Federal Rule of Civil Procedure 60(b)(1). Plaintiff asserts relief should be given from the untimely filing of the Opposition to the Revised Motion for Summary Judgment.

This motion is based upon this Notice of Motion, the Declaration of Samuel G. Lockhart and any attached exhibits and the Memorandum of Points and Authorities filed and served concurrently herewith, any documents of which the Court takes judicial notice, and any pleadings or records on file herein, including the concurrently filed related motions, as well as such oral and documentary evidence or argument as may be introduced or made at the time of the hearing.

Respectfully submitted,

//S//Samuel G. Lockhart

LOCKHART LAW FIRM, APC #256152
41856 Ivy Street, Suite 207
Murrieta, CA 92562
*Counsel for Plaintiff*

**MOTION TO VACATE THE ORDER GRANTING DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 60(b)**
*Toyrrific, LLC v. Edvin Karapetian, etc. et al.* // Case No. 2:12-CV-04499-ODW (Ex)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Due to Plaintiff's attorney's mistake, inadvertence and/or excusable neglect, Plaintiff's Opposition to Defendants' Revised Motion for Summary Judgment was filed two days late[1]. As a result, the Court took the subject motion as unopposed and deemed all facts stated by Defendants as undisputed. Based in part on this, the court granted summary judgment against Plaintiff. Now, Plaintiff moves for relief from the Court's Order Granting Defendants' Revised Motion for Summary Judgment pursuant to Rule 60(b)(1).   In *Ahanchian v. Xenon Pictures, Inc.*, 624 F. 3d 1253 (9th Cir. 2010), the Ninth Circuit found that an opposition to a motion for summary judgment that was filed three days late due to a calendaring mistake was grounds for relief, as a matter of law. Based on clear Ninth Circuit law, and the facts here, relief should be granted.

## II.    PROCEDURAL HISTORY

This matter was remanded by the Ninth Circuit Court in June, 2015. The Clerk was ordered to reopen this case on June 30, 2015. Approximately two months later, on September 3, 2015, Defendants filed a Motion for Leave to File Motion for Reconsideration of Court's Order on Defendants' Motion for Summary Judgment.   On September 14, 2015, Plaintiff filed an Opposition to

---

[1] Plaintiff's Opposition to the Motion to Vacate the Order Granting Defendant's Revised Motion for Summary Judgment was filed two days late and the Statement of Genuine Disputes three days late. The Opposition and Statement of Genuine Disputes were filed as soon as they were drafted, the Opposition was completed first, and the Statement of Genuine Disputes followed the next day.

Defendants' Motion for Leave to File Motion for Reconsideration of Court's Order on Defendants' Motion for Summary Judgment.   Approximately three months later, the Court entered an Order Denying Defendants' Motion for Leave to File Motion for Reconsideration, wherein the Court found Defendants' motion to be moot. The Court ordered the Defendants to file a revised Motion for Summary Judgment on only the issues that the Ninth Circuit instructed the Court to consider and to secure a hearing date no later than March 21, 2016.

The Defendants set a hearing for March 21, 2016 and filed their Revised Motion for Summary Judgment on February 22, 2016.   Plaintiffs filed an Opposition to Defendants' Revised Motion for Summary Judgment on March 2, 2016 and a Statement of Genuine Disputes on March 3, 2016.  Defendants filed a Reply to Plaintiff's Opposition and a supporting Declaration on March 7, 2016. In it they pointed out the Opposition was untimely.

Plaintiff's counsel, Samuel G. Lockhart, filed a Declaration on March 8, 2016 requesting the Court to consider Plaintiff's two day late Opposition due to his excusable neglect; Plaintiff's counsel intended this to be a request for relief under Rule 6 or Rule 60(b) On March 9, 2016, Plaintiff also filed a Declaration by Kevork Kouyoumjian in support of Plaintiff's Opposition.   On March 11, 2016 Defendants filed Objections to and Request to Strike Plaintiff's Untimely Declaration and Opposition. On March 16, 2016, the Court vacated the March 21, 2016 hearing and took the matter under advisement.  On July 20, 2016 the Court

entered an Order Granting Defendants' Revised Motion for Summary Judgment. The Court's order never specifically addressed Mr. Lockhart's declaration or request by Plaintiff to be relieved from the mistake.  As such, Plaintiff seeks relief pursuant to the previously filed declaration as allowed under Rule 6(b) and now, post Order, pursuant to Rule 60(b).

## III.   THE COURT SHOULD GRANT RELIEF FROM THE LATE-FILED OPPOSITION AND VACATE ITS SUMMARY JUDGMENT ORDER.

### A.   The Legal Standard For Relief Under Rule 60(b)

The Ninth Circuit has stated that "Procedure 'is a means to an end, not an end in itself – the 'handmaid rather than the mistress' of justice.' [citations] While district courts enjoy a wide latitude of discretion in case management, this discretion is circumscribed by the courts' overriding obligation to construe and administer the procedural rules so as 'to secure the just, speed, and inexpensive determination of every action and proceeding.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F. 3d 1253 (9th Cir. 2010)(citing Charles E. Clark, *History, Systems and Functions of Pleading* 11 Va. L. Rev. 517, 542 (1925); Fed R. Civ. P. 1.)  Federal Rule of Civil Procedure 60(b)(1) provides as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian*, 624 F.3d at 1261(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel and Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions). It is an abuse of discretion for the Court to fail to correctly conduct the test identified above, referred to as the "*Pioneer/Briones Test*." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 - 1224 (9th Cir. 2000). Additionally, *per se* rules, are not consistent with the application of Rule 60(b). *See Pincay v. Andrews*, 389 F.3d 853, 859-860 (9th Cir. 2004) (The court incorrectly concluded that "a calendaring mistake is the type of 'inadvertent mistake' that is not entitled to relief pursuant to Rule 60(b)(1)"). Rule 60(b) is 'remedial in nature and…must be liberally applied.'" *TCI Group Life Ins. v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001))(quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

**B.     Relief Is Warranted After Application of the *Pioneer/Briones Test***

Each of the four factors is addressed below. Before addressing each factor separately, a quick look at *Ahanchian* and *Pincay* shows relief is warranted.

In *Pincay*, the Ninth Circuit held that a paralegal's calendaring error alone was sufficient to warrant a finding of excusable neglect after the application of the balancing test set forth by the United States Supreme Court for determining excusable neglect, the court found that the error was no overly prejudicial did not result in an unreasonable delay and Plaintiff's attorney had acted in good faith. *Pincay v. Andrews*, 389 F.3d at 853.  As indicated above, this test is referred to as the "*Pioneer/Briones Test*" and it is an abuse of discretion not to consider each of its four factors in determining the existence of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *Ahanchian*, 624 F.3d 1261; *Bateman v. U.S. Postal Serv.*, 231 F.3d at 1223 -1224.

In *Ahanchian*, the Ninth Circuit overturned a decision of the district court that refused to grant relief under Rule 60(b).  The Court of Appeals found that an opposition to a motion for summary judgment that was filed three days late due to a calendaring mistake was grounds for relief, as a matter of law.  It noted that the delay was minimal, there would be no prejudice by a short extension for either side, and that while a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, the Ninth Circuit has previously found the identical mistake to be excusable neglect (also noting far less persuasive excuses have been relieved) and there was no indication there was any

bad faith.  This case makes clear that the relief sought is required here when there was a two to three day delay, no prejudice, a justifiable excuse due to calendaring, and no bad faith.  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 -1224 (9th Cir. 2000) (Granting relief when an attorney failed to file a timely opposition to MSJ and wrote to the court twelve days after the Order and filed the Rule 60(b) motion a little more than a month after the court denied his request; the failure to file was negligent and careless, but not deviousness or willfulness).

     As detailed below, applying the four factors in this case demonstrates relief is warranted.

     (a)     *The Danger of Prejudice to the Opposing Party*

     "Prejudice requires greater harm than simply that relief would delay resolution of the case." *TCI Group Life Ins. Plan*, 244 F.3d at 701.  The two day late filing of Plaintiff's Opposition to Defendants' Revised Motion for Summary Judgment did not prejudice the Defendants, other than to require the Defendants two days less time to file their reply.  However, in *Ahanchian* the Defendants similarly argued that a late filing would result in less time to file its reply and the court flatly rejected that argument by stating, "[m]oreover, defendants' argument that they would be prejudiced by only having a week to reply while Ahanchian would have had several weeks to draft an opposition is unpersuasive and neglects the fact that in the overwhelming majority of districts, more time is given for drafting oppositions than for drafting replies." *Ahanchian*, 624 F.3d at 1260. Here,

Defendants actually filed their Reply so there is no prejudice in considering the Opposition.  Moreover, had Defendants sought an extension of time to file a Reply, Plaintiff certainly would have stipulated to such a request out of professional courtesy, not to mention the fact that it would have aided in Plaintiff's attempt to have the Court consider its tardy Opposition. *Ahanchian*, 624 F.3d at 1261.

   *(b) The Length of the Delay and Its Potential Impact on the Proceedings*

   "As to the second factor, the length of the delay in filing the request for relief, <u>Federal Rule of Civil Procedure 60(c)</u> requires that a <u>Rule 60(b)</u> motion be made 'within a reasonable time' and 'no more than a year after the entry of the judgment or order or the date of the proceeding.' 'What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009)(quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)(per curiam)).  In *Lemoge* the court found that seeking relief pursuant to Rule 60(b) within seven months of the subject case being dismissed and two months after the subject attorney returned to practice was a reasonable time frame. *(Id.)* The subject Order from which Plaintiff seeks relief was entered on July 20, 2016.  Plaintiff brings its 60(b) motion less than three weeks after entry of the Order which is both reasonable and well within the one

year deadline. In fact, Plaintiff sought relief before entry of the Order through counsel's declaration filed 133 days before the Court's Order issued. <u>It is also brought less than 28 days after under Rule 4, and less than the time for a notice of appeal.</u>

    *(c)*    *The Reason for the Delay*

    As set forth partially in the Declaration of Samuel G. Lockhart filed on March 8, 2016, and more fully in the Declaration of Samuel G. Lockhart which is filed concurrently with this Motion, the reason for the delay was a calendaring error by Mr. Lockhart's paralegal who had, unbeknownst to Mr. Lockhart, accepted employment with another firm and was not providing the attention to detail required. The calendaring error typically would have been caught by Mr. Lockhart. However, Mr. Lockhart's wife gave birth to a little boy, Nathan, on February 7, 2016 and was recovering from a difficult labor and delivery at home which required Mr. Lockhart, who is a solo practitioner, to split time between his home office and work office. While at home Mr. Lockhart would help out with his other children and tend to his recovering wife while juggling his law practice, which resulted in a breakdown of his common practice of verifying all calendaring in his civil litigation cases. While a calendaring error is not a particularly strong excuse, it may serve as a basis for relief pursuant to Rule 60(b). *See Pincay,* 389 F.3d at 859-60 (a calendaring mistake is grounds for relief for excusable neglect)

**MOTION TO VACATE THE ORDER GRANTING DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 60(b)**
*Toyrrific, LLC v. Edvin Karapetian, etc. et al. // Case No. 2:12-CV-04499-ODW (Ex)*

Even if the Court perceives the reasons set forth above as "weak", in order to deny relief pursuant to Rule 60(b) the Court also must find a lack of good faith. *See Ahanchian*, 624 F. 3d 1253, 1262.)("while a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, we have previously found the identical mistake to be excusable neglect, as stated in *Pincay*.)

(d)     *Whether the Movant Acted In Good Faith*

The focus of the application of the *Pioneer/Briones Test* in this matter should be on Plaintiff's attorney, as the Plaintiff had no involvement in the late filing. *See Pioneer Inv. Servs.*507 U.S.397-399. ("Consequently, in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable. …We conclude that…this case requires a finding that the neglect of respondents' counsel was, under all circumstances, "excusable.")

Counsel for Plaintiff, Samuel G. Lockhart, did not discover that he had missed the deadline to file an Opposition to Defendants' Revised Motion for Summary Judgment until after the deadline had already passed.  However, very soon after making that discovery he promptly prepared and filed the Opposition and accompanying documents as they became available.  A few days later the Defendants presented as their lead argument in their Reply that Plaintiff's Opposition should not be considered and that their Revised Motion for Summary

Judgment be considered solely on that basis. Mr. Lockhart then promptly submitted a declaration pursuant to Rule 6(b) requesting that the Court consider Plaintiff's untimely Opposition and set forth the reasons for the tardy filing.

Plaintiff's counsel did not seek a stipulation from the Defendants to extend the filing deadline because the Defendants, in response to Mr. Lockhart's declaration asking the Court to consider the untimely Opposition, once again objected to the untimely Opposition, demanding that the Court refuse to consider the Opposition. Thus, Plaintiff's counsel thought it futile to seek the stipulation and instead opted to wait to file a Rule 60(b) motion should the Court refuse to consider Plaintiff's untimely Opposition. While seeking to address the untimely filing through a declaration submitted pursuant to Rule 6(b) is not required, it is a prima facie showing of good faith.

In short, Mr. Lockhart's actions were in good faith and devoid of any willfulness or deviousness as is required to deny relief under Rule 60(b). *See Bateman*, 231 F.3d at 1225.

### C.   The Golden Rule Is Ignored By Defendants.

"Our adversarial system relies on attorneys to treat each other with a high degree of civility and respect. [citation]("[A]t the risk of sounding naïve or nostalgic, we lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values."); [citation]("There is no better guide to professional courtesy than the

golden rule: you should treat opposing counsel the way you yourself would like to be treated."). Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian*, 624 F.3d at 1263; *See Cal. Attorney Guidelines of Civility & Prof.* § 6.

Here, Plaintiff's counsel's declaration may reasonably be construed as a request for an extension after the deadline for filing the subject Opposition had already passed (as made clear by other cases) and Defendants' subsequent demand for the Court to refuse to consider the untimely Opposition may be taken as a rejection of that request. The practice of law is not easy. It requires a great deal of attention to detail and Rule 60(b), which is to be applied liberally, is the codification of the notion that there are times in attorneys' lives where some leeway should be granted to the errant attorney who in good faith fails to meet a deadline. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)("We conclude that 'there is no evidence that [Caruana] acted with anything less than good faith. 'His errors resulted from negligence and carelessness, not from deviousness or willfulness.'"); *Bateman*, 231 F.3d at 1225. This is one of those circumstances where Plaintiff's counsel was negligent in the late filing, but also one where the resultant error was not derived from deviousness or willfulness. Instead, Plaintiff's counsel acted in good faith both prior and subsequent to the discovery of his negligence in filing an Opposition two days

**MOTION TO VACATE THE ORDER GRANTING DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 60(b)**
*Toyrrific, LLC v. Edvin Karapetian, etc. et al. // Case No. 2:12-CV-04499-ODW (Ex)*

late.   Thus, Plaintiff is entitled to relief from the Court's Order Granting Defendants' Revised Motion for Summary Judgment.

## IV.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant its Motion for Relief from Final Order in the above matter and consider Plaintiff's Opposition to Defendants' Motion for Summary Judgment in ruling on said motion for summary judgment.

Dated:  August 4, 2016                     **LOCKHART LAW FIRM, A.P.C.**

By: <u>//S// SAMUEL G. LOCKHART</u>
Samuel G. Lockhart
Attorneys for Plaintiff
TOYRRIFIC, LLC