Rasheed M. McWilliams (SBN 281832)
rasheed@cotmanip.com
Daniel C. Cotman (SBN 218315)
dan@cotmanip.com
Obi I. Iloputaife (SBN 192271)
obi@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, California 91103
(626) 405-1413/FAX: (626) 628-0404

Attorneys for Defendants
Edvin Karapetian, Edward Minasyan,
EDO Trading, Inc., and Lena Amerkhanian

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYRIFFIC, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>EDVIN KARAPETIAN, an individual, EDWARD MINASYAN, an individual, LENA AMERKHANIAN, an individual, and EDO TRADING, INC., a California corporation,<br><br>　　　　　Defendants. | Case No. 2:12-cv-04499 ODW (Ex)<br>Judge: The Honorable Otis D. Wright<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER GRANTING DEFEDANTS' REVISED MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: September 12, 2016<br>Time:　　　　1:30 p.m.<br>Courtroom:　11 |

...

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Counsel for Defendants Edvin Karapetian and Edward Minasyan ("Defendants") respectfully submit this Opposition to Plaintiff Toyriffic, LLC's ("Plaintiff") Motion to Vacate the Order Granting Defendant's Revised Motion for Summary Judgment ("Motion"). This Opposition is based upon the herein Memorandum of Points and Authorities, Exhibits and Declarations hereto as well as the pleadings on file and any oral or written evidence that may be presented at the hearing on the Motion.

DATED: August 22, 2016

Respectfully submitted,

COTMAN IP LAW GROUP, PLC

s/Rasheed M. McWilliams
By: _____
Rasheed M. McWilliams
rasheed@cotmanip.com
Daniel C. Cotman
dan@cotmanip.com
Obi I. Iloputaife
obi@cotmanip.com

*Attorneys for Defendants
Edvin Karapetian, Edward Minasyan,
and Lena Amerkhanian*

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER GRANTING DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT**

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should deny Plaintiff's motion to vacate the order granting defendant's motion for summary judgment because Plaintiff's reason for the delay is contradictory and lacks merit and Plaintiff has not provided evidence of good faith in missing deadlines set by the Court and the Local Rules of this Court.

## II. PROCEDURAL HISTORY

Plaintiff Toyriffic, LLC ("Plaintiff") filed this current action on May 23, 2012 alleging that Defendants Edvin Karapetian and Edward Minasyan ("Defendants) violated the terms of a Settlement Agreement that stems from a previous action filed in August of 2010. Dkt. No. 1. On August 16, 2012, the Court dismissed all claims alleged by Plaintiff in its complaint, keeping only the claim for breach of contract. Dkt. No. 30. On March 25, 2013, Defendants filed their Motion for Summary Judgment on Plaintiff's remaining claim. Dkt. No. 50. On April 16, 2013, the Court issued an Order Granting Defendants' Motion for Summary Judgment. Dkt. No. 71. Plaintiff filed its appeal against the judgment on May 13, 2015 and The Ninth Circuit ultimately reversed and remanded the case back the Court on June 30, 2015 ordering the Clerk to re-open the case. Dkt. Nos. 77 and 89.

On September 3, 2015, Defendants filed their Motion for leave to file a motion for reconsideration. Dkt. No. 96. The Court denied Defendants Motion on December 17, 2015 and ordered Defendants to file a revised Motion for Summary Judgment on only the issues that the Ninth Circuit has instructed this Court to consider on remand and set the hearing on the matter for no later than March 21, 2016. Dkt. No. 102. On February 22, 2016, Defendants filed their Revised Motion for Summary Judgment addressing only the issues allowed by the Ninth Circuit and set a hearing date for March 21, 2016 per the Court's Order. Dkt. No. 103.

On March 2, 2016, Plaintiff filed its Opposition to Defendants' Revised motion for summary judgment and its Statement of Genuine Disputes on March 3, 2016, two and three days past the deadline to file an opposition to the motion required by the Local Rules, without any supporting Declarations or other evidence. Dkt. Nos. 105 and 106; Declaration of Rasheed McWilliams ("McWilliams Decl.") ¶2. On March 7, 2016 Defendants filed their timely Reply in support of their Revised Motion for Summary Judgment. Dkt. No. 107. On March 8, 2016, after the Defendants' Reply pointing out the missed Opposition deadline, Plaintiff filed the Declaration of Samuel Lockhart with an excuse for the missed deadline. Dkt. No. 109; McWilliams Decl., ¶3. On March 9, 2016, after Defendants' Reply pointed out the lack of supporting evidence in the form of documents or declarations, Plaintiff filed the Declaration of Kevork Kouyoumjian. Dkt. No. 110. Defendants filed their Objections to and Request to Strike Plaintiff's untimely opposition and declaration on March 11, 2016. Dkt. Nos. 107 and 111. On March 20, 2016 the Court issued an Order Granting Defendants' Revised Motion for Summary Judgment. Dkt. No. 113.

## III. ARGUMENT

FRCP 60(b)(1) provides that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." The United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") has held that a determination of whether neglect is excusable requires an equitable analysis under the *Pioneer-Briones* factors, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)); *see also Pioneer Inv. Servs. Co. v.*

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74(1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997) (per curiam). Nevertheless, these factors do not constitute "an exclusive list." *Briones*, 116 F.3d at 381; *Bateman*, 231 F.3d at 1223. "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

### A. This Court Should Deny The Motion to Vacate Because the Reason For The Delay Factor Favors Defendants

This Court should deny the motion to vacate the order because the Plaintiff nor its counsel has provided a reason that does not encompass "bare, unadorned negligence." *Id*. Based on the present facts and the Ninth Circuit precedent previously relied on by this Court, counsel's negligence does not rise to the level of excusable negligence. As this court has pointed out in a number of cases, "cases that have granted relief all involved something more than just failing to note the relevant deadline. *Id*. at *3(citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 398 (counsel failed to file timely proof of claim because, contrary to usual practice, notice of the claims-filing deadline was placed in an inconspicuous area of the notice sent to creditors); *In re Zilog, Inc.*, 450 F.3d 996 , 1007(9th Cir. 2006) (same); *Bateman*, 231 F.3d at 1222-23 (counsel was required to travel to Africa due to a family emergency, and unsuccessfully sought an extension of time from defendant's counsel to oppose their motion for summary judgment); *Lemoge*, 587 F.3d at 1197 (counsel failed to timely serve a complaint in part because he had severe medical complications from a staph infection that required him to undergo "three surgeries, skin grafts, extensive therapy, and a full regimen of medications").

In the present case, the missed deadline is attributed by counsel for Plaintiff to

a paralegal both failing to schedule the proper date (Dkt. No. 115-1, ¶ 2) or scheduling the wrong Opposition date (Dkt. No. 109, ¶ 4), as well as counsel failing to follow up on the proper calendaring of the Opposition date due to personal commitments at home. Dkt. Nos. 109, ¶ 4 and 115-1, ¶ 2. While clearly negligent, counsel's actions do not arise to the level of excusable neglect because counsel is a member of the Bar of this Court who is required to be familiar with both the Federal Rules of Civil Procedure and the Local Rules of this Court. L.R. 83-2.1.2.2(a). The Local Rules are clear that a party's Opposition to any Motion is due 21 days prior to the hearing, which in this case was scheduled for March 21, 2016 based on the Motion papers. L.R. 7-9; Dkt. No. 103. It is inconceivable that Plaintiff's counsel reviewed the Motion when it came in, but was not cognizant that February 29, 2016 was the date 21 days prior to the hearing scheduled for March 21, 2016. More telling, is Plaintiff's counsel failure to either seek a stipulation to extend the time to Oppose from Defendants by two days or to file an *Ex Parte Application* to extend the time to Oppose upon finding out about the paralegal's mistake and the missed deadline. McWilliams Decl., ¶ 4. Counsel for Defendants would have been sympathetic to both the loss of a staff member and to counsel's personal circumstances. McWilliams Decl., ¶ 5. Plaintiff's counsel did not seek to explain the missed deadline by Declaration until *after* Defendants pointed out the failure to meet the deadline in their Reply brief and *never* sought a stipulation with Defendants. McWilliams Decl., ¶ 6.

Counsel's initial declaration stated that his paralegal had "incorrectly calendared our Opposition date." Dkt. No. 109, ¶ 4. Counsel's declaration submitted with the present motion states that the paralegal "made a series of mistakes, including the failure to calendar the deadline to file our Opposition to Defendants' Revised Motion for Summary Judgment." Dkt. No. 115-1, ¶ 2. The question is which factual situation is true? Either the date was incorrectly calendared or it was not calendared at all, but both situations cannot be the true for the same motion and same paralegal.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER GRANTING DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT**
6

Finally, counsel for Plaintiff still had not filed *any written evidence* in support of the Opposition, as required by the local rules, until after the Defendants filed their Reply. McWilliams Decl., ¶ 7. Despite its late filing, the Kouyoumijian Declaration does not provide a single shred of evidence to support the calculation of a damages amount based on the alleged breach of contract. McWilliams Decl., ¶ 8. Based on the above facts, this Court should deny the motion to vacate because the reason for delay weighs in favor of Defendants.

### B. The Court Should Deny the Motion to Vacate Because the Good Faith Factor Weighs in Favor of Defendants

This Court should deny the motion to vacate the order because the good faith factor weighs in favor of Defendants. While Plaintiff's counsel has sought to explain the missed deadline, he has done so with two factually inconsistent declarations. Counsel's initial declaration stated that his paralegal had "incorrectly calendared our Opposition date." Dkt. No. 109, ¶ 4. Counsel's declaration submitted with the present motion states that the paralegal "made a series of mistakes, including the failure to calendar the deadline to file our Opposition to Defendants' Revised Motion for Summary Judgment." Dkt. No. 115-1, ¶ 2. The question is which factual situation is true? Either the date was incorrectly calendared or it was not calendared at all, but both situations cannot be the true for the same motion and same paralegal. The contradiction between counsel's sworn declarations seem to indicate that the errors were not made in good faith. *See Sanchez v. Stryker Corp.*, Case No. 2:10-cv-08832-ODW, 2012 BL 162863, *3 (C.D. Cal. May 02, 2012) (describing the evidence counsel should have provided to prove good faith). Counsel also does not provide any justification for why he did not start preparing an Opposition to Defendants' motion until after the deadline for Opposition had passed. *Id.*; McWilliams Decl., ¶ 9. Based on the above, neither Plaintiff nor its counsel have presented sufficient evidence to show that counsel's error was committed in good faith, therefore this Court should

deny Plaintiff's motion.

### C. This Court Should Deny Plaintiff's Motion Because Plaintiff Has No Likelihood of Success on the Underlying Motion

Consideration of the "movant's likelihood of success on the underlying motion is not one of the *Pioneer* factors," but "is an appropriate consideration under the circumstances." *See Medina* at *4 (internal citations omitted). In this case, the relevant Opposition does not factually address or dispute that the only documents produced by Plaintiff in this case, at any time, go to liability for breach of contract, not damages. Dkt. No. 106, ¶ 22. In fact, Plaintiff in its Statement of Genuine Disputes states that it "seeks the opportunity to produce additional evidence to support its claim prior to a trial on the merits." Dkt. No. 106, ¶ 22. Plaintiff has had endless opportunities since ***it filed*** this case to gather and produce evidence of its alleged damages, whether during the discovery period; during the filing of Plaintiff's response to the initial motion for summary judgment; during the time when the Plaintiff's appeal was pending before the Ninth Circuit; during the time after remand of the case to the district court or during the pendency of the present renewed motion for summary judgment, but still has not produced a single document to support a damages calculation. McWilliams Decl., ¶ 10. Plaintiff also has not produced any evidence that the failure to produce documents at any time was out of its control. Plaintiff's previous counsel was no longer in the case at least as of the remand period and Plaintiff still failed to produce any documents after changing to present counsel. McWilliams Decl., ¶ 11. Based on the above, since Plaintiff has failed to produce any documents supporting a calculation of damages for breach of contract at any time in this litigation, although well within Plaintiff's control, this Court will reach the same conclusion if it considers the underlying motion on its merits, namely that Plaintiff's actions have been untaken in bad faith and lesser sanctions will be insufficient to deter Plaintiff from future misconduct.

### D. The Prejudice and Length of Delay Factors Favor Plaintiff

This Court should deny the motion to vacate although the prejudice and length of delay factors favor Plaintiff. As this Court has recently held, "there will be little prejudice to Defendant if Plaintiff is permitted to move forward with her case…. Granting Plaintiff relief will leave the parties in the exact same position as if Plaintiff timely opposed the motion" because since Defendant did not offer a single shred of evidence to dispute any material facts, it still cannot contest Defendants' Motion. *See Medina v. Wells Fargo Bank, N.A.*, Case No. 2:16-cv-00532-ODW, 2016 BL 162246, *2 (C.D. Cal. May 20, 2016). Additionally, Plaintiff filed its motion for relief two weeks after the Court granted Defendants' Motion therefore under this Court and Ninth Circuit precedent, this factor also favors Plaintiff. *See Id.*

Although these factors favor Plaintiff, except in the most egregious cases, these factors will almost always favor the Plaintiff, therefore, this Court should still deny the motion to vacate upon balancing the equities as required by the *Pioneer-Briones* standard.

### IV. Conclusion

Based on the above, since the reason for the delay and good faith factors tip in favor of Defendants, this Court should deny Plaintiff Toyriffic, LLC's Motion to Vacate the Court's Order on Defendant's Revised Motion for Summary Judgment.

Dated: August 9, 2016                                   Cotman IP Law Group, PLC

                                                                        *s/Rasheed M. McWilliams*

                                                                        By: _____
                                                                        Rasheed M. McWilliams
                                                                        Daniel C. Cotman
                                                                        Obi Iloputaife

                                                                        *Attorneys for Defendants*
                                                                        *Edvin Karapetian, Edward Minasyan,*
                                                                        *and Lena Amerkhanian*

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER GRANTING DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT**

9

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 35 Hugus Alley, Suite 210, Pasadena, CA 91103. On August 22, 2016, I served the document entitled **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER GRANTING DEFENDANTS' REVISED MOTION FOR SUMMARY JUDGMENT** by placing a true and correct copy thereof enclosed in a sealed envelope addressed to the following interested parties:

| | |
|---|---|
| Lockhart Law Firm, A.P.C.<br>Samuel G. Lockhart (SBN 256152)<br>41856 Ivy St. Ste. 207<br>Murrieta, California 92562<br>Ph.: (951) 461-8878<br>Fax: (951) 823-5715<br>slockhart@lock-law.com | **Attorney for Plaintiff**<br>**Toyriffic, LLC** |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed August 22, 2016 at Pasadena, California

                      s/Stephanie Cruz

                      _____
                      STEPHANIE CRUZ