O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYRRIFIC, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>EDVIN KARAPETIAN, an individual, EDWARD MINASYAN, an individual, LENA AMERKHANIAN, an individual, and EDO TRADING, INC., a California corporation,<br><br>                Defendants. | Case No. 2:12-cv-04499-ODW(Ex)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [115]** |

## I. INTRODUCTION

In the case at bar, Plaintiff Toyrrific, LLC ("Toyrrific") contends that Defendants Edvin Karapetian, Edward Minasyan, Lena Amerkhanian, and EDO Trading, Inc. (collectively, "Defendants") violated the terms of the parties' settlement agreement from a predecessor action. As a result of Toyrrific's repeated failure to participate in the discovery process, the Court granted Defendants summary judgment on April 16, 2013, based on Federal Rule of Civil Procedure ("FRCP") 37(c)(1) exclusionary sanctions. (ECF No. 71.) Toyrrific appealed the Court's order, and the Ninth Circuit reversed the judgment and remanded the case for further consideration. (ECF No. 87.) On February 22, 2016, Defendants filed a revised Motion for Summary Judgment. (ECF No. 103.) On March 2, 2016, Toyrrific filed its Opposition to Defendants' Revised Motion for Summary Judgment two days after the Court-imposed deadline. (Pl. Opp'n to Def.'s Mot. for Summ. J. ("Opp'n"), ECF No.

105.) On March 7, 2016, Defendants filed a timely Reply. (Def. Reply to Pl.'s Opp'n ("Reply"), ECF No. 107.) The Court granted Defendants' Revised Motion for Summary Judgment. (Order, ECF No. 113.) In so deciding, the Court did not consider Toyrrific's Opposition because it was untimely. (*See id.*) Toyrrific now requests that the Court vacate its Order granting Defendant's Revised Motion for Summary Judgment, seeking relief pursuant to FRCP 60(b)(1). (Mot., ECF No. 115.)

For the reasons discussed below, the Court hereby **DENIES** Toyrrific's Motion to Vacate.

## II. LEGAL STANDARD

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (per curiam). However, these factors do not constitute "an exclusive list." *Briones*, 116 F.3d at 381; *Bateman*, 231 F.3d at 1223. "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

## III. DISCUSSION

Plaintiff's counsel states that he failed to timely oppose Defendants' motion because his paralegal, who at the time was transitioning to a new job, did not calendar the due date. In addition, counsel was tending to the health of his family following

the birth of his child. (Decl. Lockhart ¶¶ 2-3, ECF No. 115-1; Mot. 10, ECF No. 115.) Defendants argue that these factors do not constitute excusable neglect. (Def. Opp'n 3, ECF No. 116.) Moreover, Defendants contend that Toyrrific has no likelihood of success on the underlying Motion, and that it therefore failed to show that relief from judgment would change the ultimate outcome. (*Id.* 8.) Toyrrific responds by indicating that the failure to participate in the discovery process was the fault of its previous counsel but does not address the continued lack of damages evidence in the record of this case. (Pl. Reply 7–8, ECF No. 117.) The Court finds that while the *Pioneer* factors tilt slightly in Toyrrific's favor, the unlikeliness of its success on its underlying claims results in Rule 60(b)(1) relief being inappropriate.

### A. *Pioneer* Factors

The Court finds that the four *Pioneer* factors weigh in Toyrrific's favor.

#### 1. Prejudice

There will be little prejudice to Defendant if Toyrrific is granted relief and permitted to move forward with its case. This is because granting relief would leave the parties in the exact same position as if Toyrrific timely opposed the Motion to Dismiss, as the Court would have nonetheless granted Defendants' Motion on the merits.

#### 2. Length of Delay

Nor has Toyrrific's counsel's neglect caused any significant delay in the proceedings. Toyrrific moved for relief two weeks after the Court granted Defendant's Motion. This is sufficiently prompt under Rule 60(b)(1). *Bateman*, 231 F.3d at 1225 (filing a Rule 60(b) motion one month after the order in question was "not long enough to justify denying relief"). Thus, this factor also favors Toyrrific.

#### 3. Reason for Delay

The outcome on this factor is less clear, but the Court is willing to assume for purposes of analysis that Toyrrific's claims of good faith and reasonable mistake are genuine. (*See* Mot. 8-12.) As the Court in *Pioneer* noted, the requirement that the

neglect be "excusable" is what "will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve." 507 U.S. at 395. Cases granting relief generally involve something more than just failing to note the relevant deadline. *See, e.g.*, *Bateman*, 231 F.2d at 1222-23 (counsel was required to travel to Africa due to a family emergency and unsuccessfully sought an extension of time from defendant's counsel to oppose their motion for summary judgment); *Lemoge*, 587 F.2d at 1197 (counsel failed to timely serve a complaint in part because he had severe medical complications from a staph infection). The reason need not necessarily be substantial, however: in *Pioneer*, counsel was granted relief after failing to file timely proof of claim because, contrary to usual practice, notice of the claims-filing deadline was placed in an inconspicuous area of the notice sent to creditors. *Id.* at 398. In the present case, counsel states that he was facing extenuating circumstances due to a paralegal who had accepted other employment and because counsel was tending to the health of his family. (Mot. 8-12.) Consequently, the Court concludes that this factor favors Toyrrific.

### 4. Good Faith

Finally, there is not a clear showing that Toyrrific acted in bad faith by not timely opposing Defendant's Motion. Thus, this factor favors Toyrrific.

## B. Likelihood of Success on Underlying Motion

While the movant's likelihood of success on the underlying motion is not one of the *Pioneer* factors, the Court concludes that it is an appropriate consideration under the circumstances. *See Pincay*, 389 F.3d at 859 (noting that the excusable neglect analysis can also include "whether the lawyer had otherwise been diligent, . . . the quality of representation of the lawyers . . . , and the likelihood of injustice" if relief is not granted); *Lemoge*, 587 F.3d at 1198 (analyzing whether Plaintiff would be entitled to additional time to serve his Complaint under Rule 4(m) in deciding to grant relief under Rule 60(b)(1) for counsel's failure to do so); *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (considering whether defendant had a "meritorious

1 defense" in deciding whether to set aside a default judgment under Rule 60(b)(1));
2 *Butler v. Boeing Co.*, 175 F. Supp. 2d 1307, 1310 (D. Kan. 2001) (declining to grant
3 relief under Rule 60(b)(1) because "plaintiff has not produced a response to
4 defendant's [underlying] motion or even intimated what the substance of his
5 'meritorious' response would be"); *Feeney v. AT & E, Inc.*, 472 F.3d 560, 564 (8th
6 Cir. 2006) (granting relief for failure to timely oppose motion for summary judgment
7 in part because counsel showed "a decisive defense on the merits to the judgment of
8 rescission"); *but see Bateman*, 231 F.3d at 1225 (not considering merits of underlying
9 motion for summary judgment in granting relief for counsel's failure to timely oppose
10 that motion).

11 Toyrrific has little likelihood of success on the merits if its case were reopened.
12 In its Order granting Defendants' Motion for Summary Judgment, the Court found
13 that Toyrrific did not submit any evidence raising a dispute of material fact as to
14 whether it failed to produce documents proving damages based on breach of contract.
15 (Order 6.) Toyrrific states that its failure to timely submit evidence of damages is the
16 fault of its previous counsel. (Opp'n 1.) Even if prior counsel were responsible for
17 mismanagement of the case, current counsel filed Toyrrific's Opposition and still
18 failed to address the nonproduction of documents, other than shifting the blame to
19 someone else. *See Matrix Motor Co Inc. v. Toyota Motor Sales, USA, Inc.*, No.
20 SACV03610CJCJTLX, 2003 WL 22466218, at *2 (C.D. Cal., May 8, 2003) (deciding
21 that where prior counsel was responsible for some mistakes in case management,
22 current counsel are responsible for failing to rectify deficiencies).

23 Toyrrific's underdeveloped arguments and continued inability to produce
24 relevant documents supporting an award of damages in this case are all the more
25 inexcusable given that it was failure to comply with the rules of discovery that led to
26 the Court dismissing the case in the first place. As a result, the Court sees no reason
27 to allow Toyrrific to further pursue its claims.

28

## IV.  CONCLUSION

For the reasons discussed above, Toyrrific's Motion to Vacate is hereby **DENIED**.  (ECF No. 115.)

**IT IS SO ORDERED.**

September 26, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**